## United States District Court
## Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA vs. | Docket No.   CR 08-1496 ODW |
| Defendant   ARMANDO PEREZ | Social Security No.  7  9  7  9 |
| akas:  Armando Perez Jr. | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 07 | 06 | 2009 |

**COUNSEL**  ☑ WITH COUNSEL   Jennifer Uyeda, DFPD
(Name of Counsel)

**PLEA**  ☑ GUILTY, and the court being satisfied that there is a factual basis for the plea.  ☐ NOLO CONTENDERE  ☐ NOT GUILTY

**FINDING**  There being a finding of  ☑ GUILTY, defendant has been convicted as charged of the offense(s) of:
Conspiracy in violation of 18 U.S.C. § 371 as charged in Count 1 of the Indictment; and Possessing and Uttering Counterfeit Securities in violation of 18 U.S.C. § 513(a) as charged in Count 2 of the Indictment.

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

Eighteen (18) months on each of Counts 1 & 2 of the Indictment, each term to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three (3) years on each of Counts 1 & 2 of the Indictment, each term to be served concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. The defendant shall not commit any violation of federal, state or local ordinance;

3. The defendant shall refrain from any unlawful use of a controlled substance. As directed by the Probation Officer, the defendant shall submit to one drug test within 15 days of release from imprisonment. Thereafter, defendant shall also submit to periodic drug testing as directed by the Probation Officer, not to exceed eight (8) drug tests per month, as directed by the Probation Officer;

4. The defendant shall participate in outpatient substance abuse treatment counseling program that includes urinalysis, saliva and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using illicit drugs, alcohol, and abusing prescription medications during the period of supervision;

5. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the U. S. Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and defendant shall reside in the treatment program until

USA vs.  ARMANDO PEREZ                                    Docket No.:  CR 08-1496 ODW

      discharged by the Program Director and Probation Officer;

6.     The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge;

7.     During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment;

8.     Defendant shall cooperate in the collection of a DNA sample from the defendant.

It is ordered that the defendant shall pay to the United States a special assessment of $200, which is due immediately.

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived, as it is found that defendant does not have the ability to pay a fine.

The Court recommends that defendant be considered for inclusion in the BOP's 500 hour drug treatment program.

It is further ordered that the defendant surrender himself/herself to the institution designated by the Bureau of Prisons on or before 2:00 p.m., August 24, 2009. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at: Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

Defendant's bond is ordered exonerated upon self-surrender.

The Court recommends that, to the extent necessary, defendant be housed in a detention facility located in Southern California.

The Court orders that the second sentence of Paragraph 51 of the presentence report submitted by the Probation Office for this defendant be STRICKEN. The Court finds no evidence that the defendant is not a United States citizen. The Court orders that the attached certified copy of defendant's certificate of live birth be incorporated and made a part of this judgment.

Defendant is informed of his limited right to appeal.

| USA vs.   ARMANDO PEREZ | Docket No.:   CR 08-1496 ODW |
|---|---|

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

*/s/ Otis D. Wright*

July 6, 2009
Date

U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Terry Nafisi, Clerk of Court

July 6, 2009
Filed Date

By   RGN
Deputy Clerk

---

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

USA vs. ARMANDO PEREZ                          Docket No.:   CR 08-1496 ODW

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution- pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

USA vs. ARMANDO PEREZ                                      Docket No.: CR 08-1496 ODW

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
    at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By

| USA vs. ARMANDO PEREZ | Docket No.: CR 08-1496 ODW |
|---|---|
| Date | Deputy Marshal |

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

| Filed Date | Deputy Clerk |

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

    These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)_____
    Defendant                          Date

_____              _____
U. S. Probation Officer/Designated Witness      Date

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF IMPERIAL
### EL CENTRO, CALIFORNIA

## CERTIFICATE OF LIVE BIRTH
STATE OF CALIFORNIA—DEPARTMENT OF PUBLIC HEALTH

STATE BIRTH CERTIFICATE NUMBER: 1300
LOCAL REGISTRATION DISTRICT AND CERTIFICATE NUMBER: 904

**THIS CHILD**
- 1a. NAME OF CHILD—FIRST NAME: Armondo
- 1b. MIDDLE NAME: 
- 1c. LAST NAME: Perez
- 2. SEX: Male
- 3a. THIS BIRTH SINGLE, TWIN OR TRIPLET: Single
- 3b. IF TWIN OR TRIPLET, THIS CHILD BORN 1ST, 2ND, 3RD:
- 4a. DATE OF BIRTH—MONTH, DAY, YEAR: August 21, 1972
- 4b. HOUR: 5:51 P M

**PLACE OF BIRTH**
- 5a. PLACE OF BIRTH—NAME OF HOSPITAL: Calexico Hospital
- 5b. STREET ADDRESS: 450 Birch Ave.
- 5c. INSIDE CITY CORPORATE LIMITS: Yes
- 5d. CITY OR TOWN: Calexico
- 5e. COUNTY: Imperial

**MOTHER OF CHILD**
- 6a. MAIDEN NAME OF MOTHER—FIRST NAME: Zenorina
- 6b. MIDDLE NAME:
- 6c. LAST NAME (MAIDEN SURNAME): Cibrion
- 7. BIRTHPLACE: California
- 8. AGE OF MOTHER: 43 years
- 8a. SOCIAL SECURITY NUMBER OF MOTHER: 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
- 9. COLOR OR RACE OF MOTHER: White
- 10a. RESIDENCE OF MOTHER—STREET ADDRESS: 36 East Sixth St., Ap't 1-A
- 10b. INSIDE CITY CORPORATE LIMITS: Yes
- 10c. RESIDENCE OF MOTHER—CITY OR TOWN: Calexico
- 10d. RESIDENCE OF MOTHER—COUNTY: Imperial
- 10e. RESIDENCE OF MOTHER—STATE: California

**FATHER OF CHILD**
- 11a. NAME OF FATHER—FIRST NAME: Armondo
- 11b. MIDDLE NAME:
- 11c. LAST NAME: Perez
- 12. BIRTHPLACE: Mexico
- 13. AGE OF FATHER: 35 years
- 13a. SOCIAL SECURITY NUMBER OF FATHER:
- 14. COLOR OR RACE OF FATHER: White
- 15a. PRESENT OR LAST OCCUPATION: Taxi Driver No 193
- 15b. KIND OF INDUSTRY OR BUSINESS: Taxi Company of Mexical

**INFORMANT'S CERTIFICATION**
- 16a. PARENT OR OTHER INFORMANT—SIGNATURE: ZENORINA CIBRIAN
- 16b. DATE REVIEWED AND SIGNED BY INFORMANT: 8-22-72

**ATTENDANT'S CERTIFICATION**
- 17a. PHYSICIAN SIGNATURE: [signature] M.D.
- 17b. DATE SIGNED: 8-22-72
- 17c. ADDRESS: 1001 Blair Street, Calexico, Calif. 92231
- 17d. PHYSICIAN'S CALIFORNIA LICENSE NUMBER: A 23966

**LOCAL REGISTRAR**
- 18. REQUEST OMISSION FROM SOLICITATION LISTS
- 19. LOCAL REGISTRAR—SIGNATURE: [signature] M.D.
- 20. DATE ACCEPTED FOR REGISTRATION BY LOCAL REGISTRAR: AUG 3 1972

1 of 2

*13-178085*

**CERTIFIED COPY OF VITAL RECORDS**
STATE OF CALIFORNIA, COUNTY OF IMPERIAL

This is a true and exact reproduction of the document officially registered and placed on file in the office of the IMPERIAL COUNTY CLERK-RECORDER.

DOLORES PROVENCIO
CLERK-RECORDER
IMPERIAL COUNTY, CALIFORNIA

By _____, Deputy.   DATE ISSUED: JUN 03 2009

This copy not valid unless prepared on an engraved border displaying the seal, date of issuance and the original signature of the Deputy.
PBNCO (REV) 11/06

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

## COUNTY OF IMPERIAL
### EL CENTRO, CALIFORNIA

**AFFIDAVIT TO AMEND A RECORD** — 1972

STATE CERTIFICATE NUMBER: 104-72-164437
[X] BIRTH  [ ] DEATH  [ ] FETAL DEATH  [ ] MARRIAGE
LOCAL REGISTRATION DISTRICT AND CERTIFICATE NUMBER: 1300  904

### PART I

**FACTS AS REPORTED ON THE ORIGINALLY REGISTERED CERTIFICATE**

- 1A. FIRST NAME: Armondo
- 1B. MIDDLE NAME: (2 of 2)
- 1C. LAST NAME: Perez
- 2. SEX: Male
- 3. DATE OF EVENT: 8-21-72
- 4. PLACE OF OCCURRENCE—CITY AND COUNTY: Calexico, Imperial
- 5. NAME OF FATHER: Armondo Perez
- 6. BIRTH NAME OF MOTHER: Zenorina Cibrion

### PART II
(LIST ONE ITEM PER LINE)

109927

| ITEM NUMBER | 8A. FACTS EXACTLY AS STATED ON THE ORIGINAL RECORD | 8B. FACTS AS THEY SHOULD HAVE BEEN STATED ON THE ORIGINAL RECORD AT THE TIME OF OCCURRENCE |
|---|---|---|
| 1 | Armondo Perez | Armando Perez |
| 6 | Zenorina Cibrion | Zenorina Cibrian |
| 11 | Armondo Perez | Armando Perez |

**STATEMENT OF CORRECTIONS**

**REASON FOR CORRECTION**
9. To correct the record.

### PART III

**FIRST SUPPORTING AFFIDAVIT**
I hereby certify under penalty of perjury that I have personal knowledge of the above facts and that the information given above is true and correct.
- 10. SIGNATURE OF PERSON COMPLETING THE AFFIDAVIT: [signed]
- 11. RELATIONSHIP TO PERSON WHOSE NAME IS ENTERED IN ITEM 1: Mother
- 12. AGE OF PERSON COMPLETING THE AFFIDAVIT: 52
- 13. DATE SIGNED: 6-27-81
- 14. ADDRESS: P.O. Box 2082, Calexico, California 92231

**SECOND SUPPORTING AFFIDAVIT**
I hereby certify under penalty of perjury that I have personal knowledge of the above facts and that the information given above is true and correct.
- 15. SIGNATURE OF PERSON COMPLETING THE AFFIDAVIT: [signed Rosario Rivera Cibrian]
- 16. RELATIONSHIP: Half-sister
- 17. AGE: 29
- 18. DATE SIGNED:
- 19. ADDRESS: P.O. Box 2082, Calexico, California 92231

**STATE OR LOCAL REGISTRAR USE ONLY**
- 20. DATE ACCEPTED: AUG 12 1981
- 21. OFFICE OF THE STATE OR LOCAL REGISTRAR: OFFICE OF THE STATE REGISTRAR, OF VITAL STATISTICS
  BY: MERLE L. SHIELDS, CHIEF, Vital Statistics Branch

STATE OF CALIFORNIA, DEPARTMENT OF HEALTH SERVICES, OFFICE OF THE STATE REGISTRAR OF VITAL STATISTICS
(REV. 10-78) FORM VS-24

2 of 2


*13-178086*

**CERTIFIED COPY OF VITAL RECORDS**
STATE OF CALIFORNIA, COUNTY OF IMPERIAL

DOLORES PROVENCIO
CLERK-RECORDER
IMPERIAL COUNTY, CALIFORNIA

This is a true and exact reproduction of the document officially registered and placed on file in the office of the IMPERIAL COUNTY CLERK-RECORDER.

By _____, Deputy. DATE ISSUED: JUN 0 3 2009

This copy not valid unless prepared on an engraved border displaying the seal, date of issuance and the original signature of the Deputy.
PBNCO (Rev) 11/06

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE